IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY f/k/a DARWIN SELECT INSURANCE COMPANY, an Arkansas Corporation )))))) | |
| Plaintiff, )) | |
| vs. )) | Case No.: |
| JAMES J. ROCHE & ASSOCIATES; JAMES J. ROCHE; CATLIN INSURANCE COMPANY, INC.; and THEODORE MAVRAKIS ))))) | *Jury Trial Demanded* |
| Defendants. )) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Allied World Surplus Lines Insurance Company f/k/a Darwin Select Insurance Company ("Allied World"), for its Complaint for Declaratory Judgment against James J. Roche & Associates, James J. Roche, Catlin Insurance Company, Inc., and Theodore Mavrakis states as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage dispute. Allied World issued a Lawyers Professional Liability Insurance Policy bearing policy number 0309-05651 ("The Allied World Policy") to Defendant, James J. Roche & Associates (the "Law Firm"). Allied World seeks a declaration that it has no duty to defend or indemnify the Law Firm or James J. Roche ("Roche") in connection with a lawsuit brought against the Law Firm and Roche by Theodore Mavrakis, captioned *Theodore Mavrakis v. James J. Roche & Associates and James J. Roche*, Case No. 2015-L-008119, pending in the Circuit Court of Cook County, Illinois (the "Mavrakis Lawsuit").

2. Per the Insuring Agreement of The Allied World Policy, for the Mavrakis Lawsuit to be covered under the policy, three independent conditions precedent must be met: (a) the **Insured**[1] did not notify any prior insurer of the **Wrongful Act** or **Related Act or Omission** for which coverage is sought under The Allied World Policy; (b) no **Insured** had any basis to believe any **Insured** had breached a professional duty or to foresee that any **Wrongful Act** or **Related Act or Omission** might be reasonably expected to be the basis of a **Claim** against any **Insured** under The Allied World Policy; and (c) there is no policy that provides insurance to the **Insured** for such liability or **Claim**.

3. At a minimum, conditions precedent (a) and (c) above have not, and cannot, be met by the **Insured**. Therefore, there is no coverage for the Mavrakis Lawsuit under The Allied World Policy. In addition, Allied World is entitled to full reimbursement of any **Claims Expenses** it has paid in connection with the Mavrakis Lawsuit if it is determined that Allied World had no obligation to defend the Mavrakis Lawsuit.

## PARTIES

4. Allied World is a corporation organized under the laws of the state of Arkansas with its principal place of business located in New York.

5. James J. Roche & Associates is an Illinois law firm with its principal place of business located in Chicago, Illinois.

6. James J. Roche is an individual resident of and citizen of Illinois.

7. Catlin Insurance Company, Inc. ("Catlin"), is a corporation organized under the laws of Texas with its principal place of business located in Atlanta, Georgia. Catlin issued the **Insured's** prior Lawyers Professional Liability Insurance Policy (which The Allied World Policy

---

[1] Terms in bold are defined in the Allied World policy.

succeeded in time) for the period April 1, 2014 to April 1, 2015 (the "Catlin Policy"). Catlin is named herein only to the extent that it is a necessary party to the litigation.

8. Theodore Mavrakis is an individual who currently resides in Golf, Illinois, and is a citizen of Illinois. Mavrakis is named herein only to the extent that he is a necessary party to this litigation.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, as Allied World seeks a declaration of the parties' rights and obligations under The Allied World Policy. Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Law Firm and Roche are residents within this District, and a substantial part of the events or omissions giving rise to this action occurred within this District.

## ALLIED WORLD POLICY

11. Allied World issued Lawyers Professional Liability Insurance Policy No. 0309-5651 to the Law Firm for the **Policy Period** of April 29, 2015 to April 29, 2016. The Allied World Policy contains a per **Claim Limit of Liability** of $1 million and an aggregate **Limit of Liability** of $2 million, excess of a $10,000 retention for each and every **Claim**. A true and accurate copy of the Policy is attached hereto as Exhibit A.

12. The Insuring Agreement set forth in Section I.A. of The Allied World Policy provides as follows:

3

The **Insurer** will pay on behalf of an **Insured**, subject to the Limit of Liability, all amounts in excess of the Retention shown in the Declarations that an **Insured** becomes legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** that is first made during the **Policy Period** or any **Extended Reporting Period**. It is a condition precedent to coverage under this Policy that the **Wrongful Act** upon which the **Claim** is based occurred:

1. during the **Policy Period**; or

2. on or after the **Retroactive Date** and prior to the **Policy Period**, provided that all of the following three conditions are met:

    (a) the **Insured** did not notify any prior insurer of such **Wrongful Act** or **Related Act or Omission**; and

    (b) prior to the inception date of the first policy issued by the **Insurer** if continuously renewed, no **Insured** had any basis (1) to believe that any **Insured** had breached a professional duty; or (2) to foresee that any such **Wrongful Act** or **Related Act or Omission** might reasonably be expected to be the basis of a **Claim** against any **Insured**; and

    (c) there is no policy that provides insurance to the **Insured** for such liability or **Claim**.

The **Insurer** shall have the right and duty to defend any **Claim** seeking **Damages** that are covered by this policy and made against an **Insured** even if any of the allegations of the **Claim** are groundless, false or fraudulent.

13. Section II.C. of the Allied World Policy defines **Claim** as follows:

    **CLAIM** means:

    1. any written notice or demand for monetary relief or **Legal Services**; or

    2. any civil proceeding in a court of law;

    3. a request to toll or waive a statute of limitations;

    made to or against any **Insured** seeking to hold such **Insured** responsible for damages for a **Wrongful Act**.

    A **Claim** does not include criminal or disciplinary proceedings of any type.

4

14. Section II.Q. of the Allied World Policy defines **Related Act or Omission** as follows:

> **RELATED ACT OR OMISSION** means all acts or omissions based on, arising out of, directly or indirectly resulting from, or in any way involving the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events.

15. Section II.T. of the Allied World Policy defines **Wrongful Act** as follows:

> 1. any actual or alleged act, error or omission by an **Insured**, solely in the performance of or failure to perform **Legal Services**; or
>
> 2. any actual or alleged **Personal Injury** committed by any **Insured**, solely in the performance of or failure to perform **Legal Services**.

16. Endorsement No. 2 – RECOVERY OF CLAIMS EXPENSES of the Allied World Policy provides as follows:

> In consideration of the premium charged, it is hereby agreed as follows:
>
> If the **Insurer** assumes the defense of a **Claim** made pursuant to this Policy, and it is ultimately determined the **Insurer** has no obligation to defend such **Claim**, then the **Insurer** will be entitled to full reimbursement of any **Claims Expenses** paid in connection with such **Claim**.
>
> All other terms, conditions and limitations of this Policy shall remain unchanged.

## MAVRAKIS LAWSUIT

17. On or about November 24, 2014, the Law Firm and/or Roche notified Catlin of a subpoena they received in connection with an arbitration proceeding captioned *VPC Pizza Franchise, LLC v. Theodore Mavrakis* under the Catlin Policy (the "Mavrakis Subpoena"). The Mavrakis Subpoena sought testimony regarding an attorney opinion letter Roche prepared for Mavrakis in August 2013.

5

18. On August 7, 2015, Mavrakis filed the Mavrakis Lawsuit against the Law Firm and Roche. A true and correct copy of the operative complaint in the Mavrakis Lawsuit (the "Complaint") is attached hereto as Exhibit B.

19. The Complaint alleges that an attorney-client relationship was created between Roche and Mavrakis in 2013.

20. The Complaint alleges that Mavrakis sought legal advice from Roche as to whether purchasing property and restaurants from the Leona's chain might constitute a violation of Mavrakis' franchise agreements with respect to his two Giordano's restaurants.

21. The Complaint alleges that Roche committed legal malpractice in the course of his representation of Mavrakis by providing erroneous advice and recommendations regarding the restructuring of the Leona's restaurant transaction in 2013.

22. The Complaint alleges that Roche committed legal malpractice when he advised Mavrakis to reject an offer of $2.5 million in lieu of continuing to arbitrate a dispute with the Giordano's franchisor in 2014.

23. On or about August 28, 2015, the Law Firm and/or Roche notified Catlin, under the Catlin Policy, of the Mavrakis Lawsuit.

24. On or about August 28, 2015, the Law Firm and/or Roche notified Allied World, under the Allied World Policy, of the Mavrakis Lawsuit.

25. On or about September 23, 2015, Catlin sent a letter to Roche in which Catlin confirmed that it was treating the Mavrakis Lawsuit as "interrelated to the [Mavrakis Subpoena]" under the Catlin Policy. Accordingly, Catlin agreed to provide a defense to the Law Firm and Roche for the Mavrakis Lawsuit under the Catlin Policy, subject to a reservation of rights.

6

**INSURANCE COVERAGE DISPUTE**

26. The Law Firm and Roche seek insurance coverage from Allied World, under The Allied World Policy, for the Mavrakis Lawsuit.

27. The Law Firm and Roche also sought coverage from Catlin, under the Catlin Policy, for the Mavrakis Lawsuit, and Catlin agreed to provide a defense to the Law Firm and Roche for the Mavrakis Lawsuit, subject to a reservation of rights.

28. Allied World disputes that coverage exists for the Mavrakis Lawsuit under The Allied World Policy.

29. An actual, present, and bona fide controversy exists between Allied World, the Law Firm, and Roche with respect to whether there is insurance coverage for the Mavrakis Lawsuit under The Allied World Policy.

30. A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policy.

**COUNT I – DECLARATORY JUDGMENT**
**(Conditions of Insuring Agreement of the Allied World Policy Have Not Been Met)**

31. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 30 as though set forth fully herein.

32. The alleged **Wrongful Acts** in the Mavrakis Lawsuit occurred in 2013 and 2014, which is prior to the April 29, 2015 inception of the Allied World **Policy Period**.

33. Therefore, the Insuring Agreement I.A.1. of The Allied World Policy has not been triggered.

34. All three, independent conditions precedent under Insuring Agreement I.A.2. must be met in order for there to be coverage under The Allied World Policy for the Mavrakis Lawsuit.

35. The conditions precedent under Insuring Agreement I.A.2.(a) and (c) of the Allied World Policy provide that coverage only applies if, under I.A.2.(a), the **Insured** did not notify any prior insurer of such **Wrongful Act** or **Related Act or Omission**; and, under I.A.2.(c), there is no policy that provides insurance to the **Insured** for such liability or **Claim**.

36. Neither of these two independent conditions precedent has been met.

37. I.A.2.(a) is not met because the Law Firm and Roche notified Catlin, their prior insurer, of the Mavrakis Subpoena and the Mavrakis Lawsuit.

38. I.A.2.(c) is not met because, in response to the notifications of the Mavrakis Subpoena and the Mavrakis Lawsuit, Catlin advised that it would provide a defense under the Catlin Policy to the Law Firm and Roche for the Mavrakis Lawsuit, subject to a reservation of rights.

39. As such, at a minimum, conditions precedent I.A.2.(a) and I.A.2(c) have not, and cannot, be met by the **Insured**. Therefore, there is no coverage for the Mavrakis Lawsuit under The Allied World Policy.

40. Also, pursuant to I.A.2.(b), to the extent that, prior to the inception date of the Policy, any **Insured** had any basis to believe any **Insured** had breached a professional duty or to foresee that any **Wrongful Act** or **Related Act or Omission** might be reasonably expected to be the basis of a **Claim** against any **Insured** under Policy, there would be no coverage for the Mavrakis Lawsuit under the Allied World Policy.

## COUNT II – DECLARATORY JUDGMENT
### (Recovery of Claim Expenses)

41. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 40 as though set forth fully herein.

8

42. Pursuant to Endorsement No. 2 – Recovery of Claims Expenses of the Policy, "[i]f the **Insurer** assumes the defense of a **Claim** made pursuant to this Policy, and it is ultimately determined the **Insurer** has no obligation to defend such **Claim**, then the **Insurer** will be entitled to full reimbursement of any **Claims Expenses** paid in connection with such **Claim**."

43. Therefore, Allied World is entitled to full reimbursement of any **Claims Expenses** it has paid in connection with the Mavrakis Lawsuit if it is determined that Allied World had no obligation to defend the Mavrakis Lawsuit.

WHEREFORE, Plaintiff, Allied World Surplus Lines Insurance Company f/k/a Darwin Select Insurance Company, prays that this Court enter a judgment in its favor and against James J. Roche & Associates and James J. Roche, awarding the following relief:

a. A declaration that Allied World has no duty to defend or indemnify J. Roche & Associates and James J. Roche in connection with the Mavrakis Lawsuit;

b. A declaration that Allied World is entitled to full reimbursement of **Claims Expenses** paid in connection with the Mavrakis Lawsuit;

c. For costs of suit incurred herein; and

d. For such other and further relief at law or in equity that the Court deems just and proper.

## **RESERVATION OF RIGHTS**

Nothing in this Complaint should be construed as a waiver by Allied World of any coverage defenses at law, in equity, or under the Policy. Allied World continues to reserve all rights with respect to any claim for coverage made under the Policy where appropriate, and waives none.

9

## **JURY DEMAND**

      Allied World demands a jury trial.

DATED: May 3, 2018                      Allied World Surplus Lines Insurance Company
                                              f/k/a Darwin Select Insurance Company

                                              **FRANKE SCHULTZ & MULLEN, P.C.**

                                              */s/ David A. Boresi*
                                              JOHN L. MULLEN
                                              DAVID A. BORESI         IL# 6187086
                                              CHRISTOPHER M. HARPER
                                              231 South Bemiston Avenue, Suite 955
                                              St. Louis, MO 63105
                                              314-455-8300 – Phone
                                              314-455-8301 - Fax
                                              jmullen@fsmlawfirm.com
                                              dboresi@fsmlawfirm.com
                                              charper@fsmlawfirm.com